[No. 15234. Department Two. October 22, 1919.]

## J. U. HERSHEY, *Appellant*, v. RUSSELL HANAUER *et al.*, *Respondents.*[1]

PLEADING (104, 114)—AMENDMENT TO CONFORM TO PROOF—EFFECT. After allowance of a trial amendment to the complaint to conform to proof, plaintiff is entitled to the benefits of the proofs which supported the complaint as amended.

BROKERS (7)—TROVER AND CONVERSION (4)—QUESTION FOR JURY— SALE OF MINING STOCK. A prima facie case of conversion and a question for the jury is made where there was evidence that defendants, as brokers, sold eleven thousand shares of plaintiff's mining stock, falsely representing that they had sold but one thousand shares, and delivered the shares to make good another sale made on the account of another.

SAME. In such a case, the acceptance by plaintiffs of a return of the shares withheld does not waive the conversion, where the acceptance was conditional and at an agreed price less than its value at the time of the conversion.

EVIDENCE (48)—COMPETENCY—MARKET VALUE—SALES. The price at which mining stock was sold on the exchange on a certain day is competent evidence of its market value at that time.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered May 27, 1918, upon the verdict of a jury rendered in favor of the

[1]Reported in 185 Pac. 627.

defendants by direction of the court, in an action for the conversion of mining stock. Reversed.

*Mulligan & Bardsley,* for appellant.

*Charles H. Maloy,* for respondents.

FULLERTON, J.—In this action the appellant sought to recover from the respondents the value of certain mining stock placed in the respondents' possession for sale, and for which it is alleged they did not properly account. The complaint contained two causes of action. On the first cause of action, the court instructed a verdict for the respondents, and on the second, the jury returned a verdict in their favor. This appeal pertains to the first cause of action.

The respondents are brokers doing business in the city of Spokane, a part of their business being to buy and sell on commission for others, stocks on the Spokane stock exchange. On August 22, 1917, the appellant delivered to the respondents certificates for fifteen thousand shares of the stock of Copper King Mining & Smelting Company, which he desired to sell, and which the respondents agreed to attempt to sell on the exchange on the morning of that day. The appellant limited the terms of the sale to cash at a minimum price of fifteen cents per share. The appellant and a representative of the respondents together attended the stock exchange on the morning of the day named, where the representative sold a large block of the stock, some eleven thousand of which shares were sold for cash. The parties then returned to the offices of the respondents, when the representative told the appellant that he had sold one thousand shares of his stock at a price of fifteen and a quarter cents a share. A settlement was made on this basis in which the appellant was paid for the one thousand shares. The

remainder of the stock was left with the respondents. On the next day, the appellant came back to the respondents' offices, at which time they purchased from him three thousand shares at eleven cents a share, paying him in cash therefor. Still later the remaining eleven thousand shares were turned over to him.

The appellant brought this action on the theory that all of his shares of stock had been sold on the exchange at a minimum price of not less than fifteen cents a share; that the respondents had misrepresented the facts to him, and, because of such misrepresentations, he was induced to accept payment for the one thousand shares reported as sold, and was induced to accept a less price than fifteen cents a share for the three thousand shares subsequently sold to the respondents. Concerning the return of the eleven thousand shares, he alleged that he accepted it under an express agreement with the respondents that it was to be credited on his demand at its then market price, which he alleges to be five and one-half cents a share.

The appellant's testimony, as we read it, did not measure up to the allegations of his complaint. Nowhere did he testify that the respondents sold on the exchange, on the morning of the sale, as much as fifteen thousand shares of stock for cash, nor did he testify that the eleven thousand shares, admittedly so sold at that time, brought as much as fifteen cents a share. He did testify, however, that, on the morning after the sale, he found a purchaser for the stock at eleven cents a share and went to the respondents' offices and demanded it; that they refused to deliver it to him, giving as a reason for the refusal that they had delivered it to make good sales they had made on the account of another, who had authorized them to sell stock of the company on his behalf; testifying further that, because of the refusal to deliver, he had lost

the sale. He also testified concerning the transactions at the time the stock was returned to him substantially as he had alleged the facts to be in his complaint. There was testimony also to the effect that, on the day return of the stock was demanded, stock was sold on the exchange at prices ranging from fourteen cents down to eleven cents a share.

At the conclusion of the evidence, the appellant asked leave of the court to make a trial amendment to his complaint so as to make it conform to these proofs. The court at first denied the motion, the trial judge saying:

"If there was a showing of market value of the stock on the day it is claimed to have been demanded and refused, I should feel that you ought to have a trial amendment, and have the case go to the jury, but without such proofs I cannot see that there is anything that makes it material."

Later, on the further insistence of the appellant's counsel, the amendment was allowed; the court, however, adhering to his conclusion that there was no evidence of market value of the stock on the day of the alleged demand.

In the light of the record, we think the court was in error in taking the case from the jury. It was, perhaps, within the court's discretion to allow or disallow a trial amendment; but after it was allowed, the appellant was entitled to the benefit of the proofs which supported his complaint as amended. These tended to show a conversion of the stock by the respondents on a day certain, giving the appellant a right to recover from them its market value on that day. His subsequent acceptance of stock might have been a waiver of his right to recover had the acceptance been unconditional, but the acceptance was not unconditional if the appellant's testimony is to be believed. His testi-

mony is that he took it at an agreed price, less than its value at the time it was wrongfully withheld from him, with the agreement that the price should be credited on its value at that time.

On the question which the court held to be controlling, we think he was likewise in error. While offers to purchase property on the part of a prospective purchaser are generally held inadmissible on the question of the value of the property, the rule is to the contrary as to actual sales.

"The price for which an article is bought and sold constitutes its market value, and is ordinarily the best and most satisfactory standard by which to estimate the amount at which the same or similar articles are to be appraised in the assessment of damages." 10 R. C. L. 955.

The judgment is reversed as to the first cause of action stated in the complaint, and the cause remanded with instructions to grant a new trial thereon.

HOLCOMB, C. J., MOUNT, PARKER, and BRIDGES, JJ., concur.